against Appellant. Accordingly, if the State did not request reimbursement for future expenses related to Appellant's incarceration in its first MIRA action, the present action would still be barred by principles of *res judicata* because that issue could have been litigated in the first MIRA action against Appellant. *Foster*, 39 S.W.3d at 528.[7]

For the foregoing reasons, the trial court erred as a matter of law in entering judgment in favor of the State because its claims were barred under the principles of *res judicata*. Consequently, the judgment of the trial court must be, and hereby is, reversed.[8]

All concur.

7. *See also Willis v. Willis*, 50 S.W.3d 378, 390 (Mo.App. W.D.2001) ("*Res judicata* applies not only to points and issues upon which the court was required ... to form an opinion and pronounce judgment, but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time.") (internal quotations omitted).

8. Having reached this conclusion, we need not address Appellant's remaining points on appeal; however, because Appellant's third point identifies problems with the trial court's judgment that may arise again in the future, we will briefly address that issue *ex gratia*. In its Judgment, the trial court ordered the Greene County Bank, where appellant's pension payments were being deposited, "to pay over to the 'State of Missouri' 90% of any future retirement/pension payments deposited

**Alvin R. MAY, III, Appellant,**

v.

**Mary Beth MAY, Respondent.**

**No. WD 61946.**

Missouri Court of Appeals, Western District.

June 24, 2003.

Michael P. Bandre', Overland Park, KS, for Appellant.

James H. Young, Blue Springs, MO, for Respondent.

Before ROBERT G. ULRICH, P.J., VICTOR C. HOWARD and THOMAS H. NEWTON, JJ.

## ORDER

PER CURIAM.

Dr. Alvin R. May III appeals from the judgment of the trial court in a marital dissolution action. For the reasons stated

into [Appellant]'s account(s). Each payment shall be mailed to the Missouri Attorney General's Office, c/o Assistant Attorney General Virginia Hurtubise Murray, P.O. Box 899, Jefferson City, Missouri, 65102, until said payments total $18,911.20." As it relates to the payment of the funds awarded under MIRA, the trial court's judgment runs contrary to the provisions of Section 217.841.1, which states: "All reimbursement collected shall be paid to the *'Inmate Incarceration Reimbursement Act Revolving Fund'*, which is hereby established in the state treasury.... [M]oneys in the inmate incarceration reimbursement act revolving fund shall not lapse, be transferred or appropriated to or placed to the credit of the general revenue fund or any other fund of the state." (emphasis added). Judgments in MIRA cases should be entered in a manner consistent with § 217.841.1.

in the memorandum provided to the parties, we affirm. Rule 84.16(b).

**Theresa PATTERSON,**
**Appellant Pro Se,**

v.

**COMMUNICATIONS WORKERS OF AMERICA LOCAL 6326 I O; Division of Employment Security, Respondents.**

**No. WD 62132.**

Missouri Court of Appeals,
Western District.

June 24, 2003.

Theresa Patterson, Kansas City, pro se.

Sharon A. Willis, Kansas City, MO, for respondent Division of Employment Security.

Joseph W. Moreland, Kansas City, KS, for respondent Communications Workers of America Local 6326 I O.

Before JOSEPH M. ELLIS, Chief Judge, JAMES M. SMART, Judge and RONALD R. HOLLIGER, Judge.

### *ORDER*

PER CURIAM.

Appellant Theresa Patterson appeals from an order of the Labor and Industrial Relations Commission in favor of Respondents Communications Workers of America and the Division of Employment Security. After a thorough review of the record, we conclude that the judgment is supported by substantial evidence, is not against the weight of the evidence, that no error of law appears, and that an opinion would have no precedential value.

Judgment affirmed. Rule 84.16(b).

**Darryl D. ATKINS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 61078.**

Missouri Court of Appeals,
Western District.

June 24, 2003.

Andrew A. Schroeder, Appellate Defender, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charnette D. Douglass, Assistant Attorney General, Jefferson City, MO, for respondent.

Before HOWARD, P.J., and LOWENSTEIN and HARDWICK, JJ.

### ORDER

PER CURIAM.

Darryl D. Atkins appeals from the denial of his Rule 24.035 motion for postconviction relief following an evidentiary hearing. In his sole point on appeal, Atkins alleges the motion court clearly erred in denying his Rule 24.035 motion because he was